RUSSEL H. WHITE *vs.* LEWIS B. JOHNSON.

Aroostook. Decided April 26, 1877.

*Attorney and Client.*

The authority of an attorney, who has obtained a judgment for his client, continues in force until the judgment is satisfied.

Payment to the attorney is payment to his client, and will protect the officer against a suit by the latter for not enforcing the execution.

Returning an execution to the creditor's attorney of record, at the latter's request, will protect the officer against a suit by the creditor for not returning it into the clerk's office.

Though the attorney abuse his trust and be answerable to his client in damages, such conduct is not to prejudice the officer, who is entitled to regard him as the agent of his client in all the contingencies which may arise in the prosecution of the suit, and all the processes adopted to secure or collect the debt entrusted to his care.

To constitute a revocation of the attorney's authority, notice must be given. The opposite party, and all others interested, have a right to presume that his authority continues, until notified to the contrary.

ON REPORT.

CASE against a sheriff, setting out that the plaintiff recovered judgment against Frederick W. Stimson for $113.73 debt, and $33.61 costs of suit, at the September term, S. J. C. 1874, and sued out an execution therefor, October 8, 1874, returnable January 8, 1875 ; that the plaintiff delivered the execution at the day of its date to the defendant to be executed and returned according to the command therein given ; that the plaintiff at the time of delivering the execution to the defendant requested him to serve, exe cute and return the same according to the precept thereof, and to

pay over to the plaintiff the sums of money he should recover or collect on the execution, and that the defendant refused to return the execution or to pay over the money.

Plea, not guilty, with a brief statement that when the defendant called upon Stimson to collect the execution, he was notified by Stimson that a settlement thereof had already been made by him, with Chas. M. Herrin and Lewellyn Powers, the attorneys of record of said White, and that said attorneys, at the term of court at which said judgment was recovered, in consideration that Stimson had agreed to pay the full amount within a short time and not to resist judgment any longer, had agreed with Stimson that he should have the time he desired, and that no additional costs should be made thereon. That thereupon he saw one or both of the attorneys, and they said such an agreement had been made by them with Stimson, and demanded of this defendant said execution, and this defendant thereupon delivered it to the attorneys of record of said White, who received the full payment of the said execution and judgment, of said Stimson, and said White thereby obtained all of the sum due to him by virtue of said judgment and execution. And thereafterwards, within the lifetime of said execution, said attorneys of said White returned the same to the office of the clerk of court, for said county of Aroostook, fully satisfied.

And for further brief statement said defendant says that at the time he delivered said execution to the attorneys of record of said White, said attorneys had a lien thereon for services and disbursements in trying the case, and for other services and disbursements in obtaining said judgment.

There was evidence tending to show that on the execution issued October 8, 1874, the plaintiff paid the clerk his fees and took the execution into his own hands, and a few days after delivered it to the defendant with directions to collect the money and pay it over to the plaintiff; that the defendant received the execution and promised to do as directed; that after the return day the plaintiff went to the clerk's office and was by him informed that he could not find the execution on the files of the office. There was also evidence tending to show the truth of the defensive alle-

gations in the brief statement, and that the plaintiff had charged L. Powers on account to the amount collected on the execution $147.

*L. S. Strickland*, for the plaintiff.

I. The sheriff, having received the execution, was bound to serve and execute it according to its command; and for any neglect or misdoings therein he became liable for damages. R. S., c. 80, §§ 9 and 11.

II. The execution creditor, having paid the clerk's fees, had a right to take the execution and interfere in its collection, so long as he did not prejudice the attorney's lien. *Obiter dictum* in *Wilson* v. *Russ*, 20 Maine, 421, 425.

III. White's possession could not prejudice the attorney's lien; for even a discharge by the client, White, could not defeat the attorney's lien. *Gammon* v. *Chandler*, 30 Maine, 152. *Hobson* v. *Watson*, 34 Maine, 20.

IV. The plaintiff is entitled to nominal damages for neglecting to return the execution according to the precept. *Laflin* v. *Willard*, 16 Pick. 64. *Goodnow* v. *Willard*, 5 Met. 517. *Gallup* v. *Robinson*, 11 Gray, 20.

*L. Powers*, for the defendant.

I. Payment to the plaintiff's attorney was in law payment to the plaintiff and he has suffered no damage, not even nominal damage.

II. The officer was relieved from the duty of returning the execution according to its precept, by the plaintiff's accredited agent, the attorney of record. *Thompson* v. *Goding*, 63 Maine, 425.

WALTON, J. This case is before the law court on report. It is an action against the sheriff of the county of Aroostook for not returning an execution put into his hands for collection, and for not paying over to the plaintiff the money collected upon it.

We think the action cannot be maintained. It appears that soon after the execution was put into the officer's hands for collection the debtor voluntarily paid the amount due upon it to one of the plaintiff's attorneys of record in the suit. This, of course, relieved the officer of the duty of collecting the money due upon

the execution. And, as the money was not paid to him, he could not be held responsible for not paying it over to the plaintiff. He had no duty to perform in relation to it. It also appears that the officer afterwards delivered the execution to the attorney, at his request, to enable him to indorse the amount received upon it, and discharge it. This, as it seems to us, relieved the officer of all further responsibility in relation to it.

It may be that for reasons satisfactory to himself, the plaintiff intended to revoke the authority of his attorneys. But no notice of such an intention appears to have been given to them, or to the debtor. Without such notice, an intention to revoke would be of no avail.

The authority of an attorney, who has obtained a judgment for his client, continues in force until the judgment is satisfied; and he may receive the money due upon it, even after the execution has been levied upon real estate, until the debtor's right to redeem has expired. *Gray* v. *Wass*, 1 Maine, 257.

Though the attorney may conduct so indiscreetly, negligently, or ignorantly, or may so abuse his trust as to be answerable to his client in damages, still his conduct is not to prejudice the officer, who has a right to regard him as the agent of his client in all the contingencies that may arise in the prosecution of the suit, and all the processes adopted to secure or collect the debt entrusted to his care. *Jenney* v. *Delesdernier*, 20 Maine, 183.

Payment to the attorney is payment to his client, and will protect the officer against a suit by the latter. *Ducett* v. *Cunning-ham*, 39 Maine, 386.

To constitute a revocation of the attorney's authority, notice must be given. The opposite party, and all others interested have a right to presume that his authority continues, unless notified of the contrary. *Lewis* v. *Sumner*, 13 Met. 269. Story on Agency, § 470.          *Judgment for defendant.*

Appleton, C. J., Dickerson, Barrows, Virgin and Peters, JJ., concurred.